Pennington , J. —
This was an action of debt. One of the items of the account of the plaintiff below', was a charge for a bay horse. On the trial of the cause, the plaintiff’s witness swTore that the bargain for the horse, was made on Sunday; and also that the plaintiff w'as to take the pay for the horse, in turning; that is, as I understand it, in the work of the defendant. On these twm grounds, the defendant moved the justice to nonsuit the plaintiff, which he refused to do. For this supposed error of the justice, this certiorari is brought. Our statute for suppressing vice and immorality, Pat. 329, enacts, that no person shall cry, shew forth, or expose to sale, any merchandize, goods, chattels, &c. on Sunday, or sell or barter the same; that is, goods cried, showed forth, or exposed to sale. This clause of the act is no doubt made in imitation of the statute, 29 Car. 2 c. 7. It is to prevent the public exposure of goods, merchandize, &e. for sale on Sunday, and selling them in consequence thereof.— I am inclined to think, that the Court would not aid the ex *628 ecution of a contract made under such circumstances. The sale, in such case, would resemble a sale made in market overt; but I am not prepared to say, that all contracts made on Sunday, are void.
[*] As to the second point, that the defendant was to take the pay for his horse in the work of the defendant, there is a mistaken notion in some parts of the State, on this subject ; that because, in an action arising on contract, the specific thing contracted for, cannot be recovered, therefore, in case the party who is entitled by the contract to receive it, chooses to bring an action, he must recover its value in money. It is true, if the defendant recovers at all, he must recover a sum of money. But before he can recover at all, it is incumbent on him to make out that the defendant has not done what the contract required him to do; that he has broke his contract. If a shoe-maker buys a cow, and contracts to pay for.it in shoes, at the rate of twenty dollars, or a tailor docs the same, and contracts to pay it in tailoring, the rational construction of the contract is, thht the shoe-maker is to make such shoes, and the tailor such garments, as the seller of the cow shall direct, and that in a reasonable time, according to the usual course of business in the neighborhood; and if he fails to do it, he has broke his contract, and is liable to an action for this breach of his agreement, and the measure of damages no doubt, would be the sum agreed to be given in shoes or tailoring. But before an action can be sustained, the shoe-maker or tailor must be in fault; he must have refused or neglected to perform what the spirit and substantial meaning of the contract required of him, and this non-performance is the ground of the action, and the remedy an action on the case, on this special undertaking; it is not a demand founded on simple contract for the payment of money only, on which an action of debt may be brought, under the supplement to the act for the trial of small causes. The difficulty with me, however is, how this Court can take notice of this matter. The justice could not have nonsuited the plaintiff, as there were other items in the account which ought to have gone to the jury. It appears by the record, that [*] the jury found the whole sum contained in the plaintiff’s state of demand, deducting the account of the defendant, which was admitted by the plaintiff to be correct. This recovery is evidently wrong, as well as to the nature of the action, as to the merits of the controversy; and if this was an action originally brought in this Court, and tried at Circuit, we should not hesitate in awarding a now trial. If the objection arose on a disputed fact, which is a proper subject for the jury to determine, I am clearly of opinion *629 that this Court ought not to inter-meddlc; but it appears on the record, that the fact was proved by the plaintiff’s own witness, and does not appear to be controverted. On the whole, it appearing to me, that the judgment below lias been obtained contrary to plain principles of law, in which case, this Court, in virtue of its superintending authority over inferior jurisdictions, holds a corrective power. I am of opinion, the judgment ought to be reversed.
Kiukpatkiok, C. J. and Egssbial, J. — Concurred in reversing this judgment.
Judgment reversed.